United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | No. C-12-2403-CRB (DMR) |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |
| v. | |
| JOHN DOE, | |
| Defendant(s).                                    / | |

Plaintiff AF Holdings, LLC moves the court *ex parte* pursuant to Federal Rules of Civil Procedure 26 and 45 for leave to take expedited discovery so that it may unearth the identity of the as-of-yet unnamed defendant ("Defendant") in this action. For the reasons provided below, the court grants Plaintiff's motion.

**I. Expedited Discovery**

Plaintiff brings this copyright infringement action seeks to stop Defendant from reproducing and distributing its copyrighted work Popular Demand ("the Work") via peer-to-peer ("P2P") file swapping networks. (Compl. ¶¶ 1, 3, 10.) Specifically, Plaintiff contends that by using the BitTorrent protocol, Defendant committed copyright infringement and contributory infringement, and acted negligently by permitting others to use his or her internet connection to illegally download the Work. (Compl. ¶¶ 25-50.) Because the alleged infringement occurred on the Internet, Defendant acted under the guise of their Internet Protocol ("IP") addresses rather than his or her real

name. (Compl. ¶ 14.) Therefore, Plaintiff cannot determine Defendant's true identity without procuring the information from Defendant's Internet Service Provider ("ISP"), which can link the IP addresses to a real individual or entity. (*See* Pl.'s *Ex Parte* Appl. for Leave to Take Expedited Disc. ("Pl.'s Mot.") 1-2.) Consequently, Plaintiff asks the court to grant it expedited discovery to issue a subpoena to the relevant ISP so that the ISP will produce the name, address, telephone number, e-mail address, and Media Access Control information attached to the IP address that Plaintiff discovered through its own investigations. (Pl.'s Mot. Attach. 3.) Plaintiff also notes that time is of the essence because ISPs keep subscriber activity log files for only limited periods of time before erasing the data. (Pl.'s Mot. 4-5 (citing Hansmeier Decl. ¶¶ 28-29, 32, May 30, 2012).)

Although in the Ninth Circuit courts disfavor exceptions to the general rules of discovery, *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendant's] identit[y], or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citations omitted). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[1] *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation &

---

[1] The court notes that due to the necessarily *ex parte* nature of Plaintiff's motion, Plaintiff faces no adversaries to fully expound on the prejudices that Defendant may face if the court grants Plaintiff expedited discovery. However, other measures to at least partially compensate for this inequity are at the court's disposal. *See, e.g.*, Brief for Amici Curiae at 3, 18-19, *Call of the Wild Movie, LLC v. Does 1-358*, No. 10-CV-455 (D.D.C. Jan. 3, 2011) (recommending that courts order ISPs to notify customers of impending subpoenas so that customers have opportunity to quash); *see also Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1097 (W.D. Wash. 2001) (granting motion to quash subpoena seeking identities of non-party anonymous posters to Internet chat room).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067.  In
2  this particular context, the court must balance "the need to provide injured parties with an [sic] forum
3  in which they may seek redress for grievances" against "the legitimate and valuable right to
4  participate in online forums anonymously or pseudonymously . . . . without fear that someone who
5  wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the
6  court's order to discover their identity." *Columbia Ins. Co.*, 185 F.R.D. at 578; *see also London-Sire*
7  *Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 & nn.10-11, 179 (D. Mass. 2008) (noting that even
8  copyright infringing file downloading entitled to degree of First Amendment protection) (holding that
9  court must consider "the expectation of privacy held by the Doe defendants, as well as other innocent
10 users who may be dragged into the case (for example, because they shared an IP address with an
11 alleged infringer.)" (citation omitted)); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556,
12 564 (S.D.N.Y. 2004).

13      Plaintiff has shown good cause to partake in limited expedited discovery.  First, without
14 issuing a subpoena to the ISP at this time, Plaintiff will "have no other way to obtain this most basic
15 information," Defendant's identity, without which the lawsuit cannot proceed.  *UMG Recordings,*
16 *Inc. v. Does 1-4*, No. 06-652, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006) (not reported in F.
17 Supp.); *accord Diabolic Video Prods., Inc. v. Does 1-2,099*, No. 10-CV-5865, at *4-5 (N.D. Cal.
18 May 31, 2011) (order granting in part motion for leave to take limited discovery prior to Rule 26(f)
19 conference); *Io Group, Inc. v. Does 1-435*, No. 10-4382, at *1 (N.D. Cal. Oct. 15, 2010) (order
20 granting plaintiff's request for leave to take early discovery); *Semitool, Inc.*, 208 F.R.D. at 276.
21 (*Accord* Hansmeier Decl. ¶ 28.)  Furthermore, there exists a high risk that the ISP may destroy the
22 information that Plaintiff seeks and thereby preclude Plaintiff from discovering Defendant's true
23 identity.  *UMG Recordings, Inc.*, 2006 WL 1343597, at *1.  (*Accord* Hansmeier Decl. ¶¶ 28-29.)
24 Finally, copyright infringement claims "necessarily involve[] irreparable harm to Plaintiff[], as a
25 copyright holder is presumed to suffer irreparable harm as a matter of law" when the ambit of its
26 copyright is invaded.  *UMG Recordings, Inc.*, 2006 WL 1343597, at *1.

27                                    **II. Conclusion**

28

1  For the reasons above, the court ORDERS that Plaintiff's Motion for *Ex Parte* Application for
2 Leave to Take Expedited Discovery is GRANTED.  It is hereby ORDERED that Plaintiff is allowed
3 to serve immediate discovery on Defendant's ISP by serving a Rule 45 subpoena that seeks
4 information sufficient to identify Defendant, including name, addresses, telephone numbers, and
5 email addresses.  The subpoena shall include a copy of this order.

6  It is further ORDERED that the ISP will have 30 days from the date of service upon it to
7 serve Defendant with a copy of the subpoena and a copy of this order.  The ISP may serve Defendant
8 using any reasonable means, including written notice sent to the last known address, transmitted
9 either by first-class mail or via overnight service.  The ISP and Defendant each shall have 30 days
10 from the date of service to file any motions in this court contesting the subpoena (including a motion
11 to quash or modify the subpoena).  If that 30-day period lapses without Defendant or the ISP
12 contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the responsive
13 information.

14  It is further ORDERED that the ISP shall not assess any charge to Plaintiff in advance of
15 providing the information requested in the subpoena, and that if the ISP elects to charge for the costs
16 of production, it shall provide a billing summary and cost reports that serve as a basis for such billing
17 summary and any costs claimed by the ISP.

18  It is further ORDERED that the ISP shall preserve all subpoenaed information pending the
19 ISP's delivering such information to Plaintiff or the final resolution of a timely filed and granted
20 motion to quash the subpoena with respect to such information.

21  It is further ORDERED that Plaintiff may use any information disclosed in response to a
22 subpoena solely to protect its rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

24  IT IS SO ORDERED.

26 Dated: June 14, 2011



DONNA M. RYU
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4